UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL F. GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>E. HEALY, C. COUNTESS, and D. LOVE,<br><br>          Defendants. | Case No. 16-cv-05871 NC (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the court orders service upon Defendants.

**BACKGROUND**

I.     Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any

---

[1] Plaintiff has consented to magistrate judge jurisdiction. Dkt. No. 4.

Case No. 16-cv-05871 NC (PR)
ORDER OF SERVICE

1

cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Plaintiff's Claims

Plaintiff claims that in February 2014, while at Pelican Bay State Prison, Defendant Healy erroneously disallowed an incoming letter from Tina Mendoza to Plaintiff as unauthorized.  Plaintiff believed the prohibition to be in error, and sent a postcard to Ms. Mendoza indicating that he intended to file a complaint against Healy. In turn, Healy issued a "stopped mail notification," that disapproved Plaintiff's attempted mailing to Ms. Mendoza, and characterized Plaintiff's message as gang-related.  Plaintiff filed an administrative grievance, and Defendant Countess interviewed Plaintiff about that grievance.  During the interview, Countess informed Plaintiff that filing grievances would make Plaintiff's situation worse, and suggested that Plaintiff cease filing grievances.

Plaintiff filed another grievance against Healy.  Soon thereafter, Healy authored a rules violation report ("RVR") against Plaintiff, which was approved by Countess.

Case No. 16-cv-05871 NC (PR)
ORDER OF SERVICE

2

Plaintiff alleges that the RVR was false, and created in retaliation for Plaintiff's administrative grievances against Healy.

Countess interviewed Plaintiff regarding Plaintiff's second grievance, and admitted to Plaintiff that the postcard to Ms. Mendoza and the RVR did not contain any gang activity. Countess repeated to Plaintiff that there were consequences to filing a grievance, and that Plaintiff had offended Healy in filing the administrative grievances.

At Plaintiff's RVR hearing, Defendant Love was the hearing officer. Plaintiff told Love that he did not understand the charges because they were too vague. Love had told Plaintiff that calling Countess as a witness would be a waste of time because Love already knew how he was going to rule. Love stated that he was not going "against the grain" even if he believed that Plaintiff was not guilty. Ultimately, Love found Plaintiff guilty and, as a result, Plaintiff was detained in the Security Housing Unit as a gang affiliate.

Liberally construed, Plaintiff has stated cognizable claims that Healy and Countess violated his right to be free from retaliation; all Defendants violated his right to due process by failing to provide him adequate notice of charges "in order to . . . enable him to marshal the facts and prepare a defense;" *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); and Love violated Plaintiff's right to due process because there was insufficient evidence to find Plaintiff guilty.

## CONCLUSION

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for

Case No. 16-cv-05871 NC (PR)
ORDER OF SERVICE

3

Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge jurisdiction consent form, and a copy of this order to E. Healy, C. Countess, and D. Love at Pelican Bay State Prison. The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires her to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, Defendants will be required to serve and file an answer within sixty (60) days from the date on which the request for waiver was sent to them. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than sixty (60) days from the date the waivers are sent from the

Case No. 16-cv-05871 NC (PR)
ORDER OF SERVICE

4

court, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. At that time, Defendants shall also submit the magistrate judge jurisdiction consent form. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than twenty-eight (28) days from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than fourteen (14) days after

Plaintiff's opposition is filed.

6. All communications by Plaintiff with the court must be served on Defendants or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 30, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-05871 NC (PR)
ORDER OF SERVICE

6