1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        NORTHERN DISTRICT OF CALIFORNIA
9
10
RAUL F. GARCIA,

            Plaintiff,                    Case No. 16-cv-05871-NC

11
12        v.                               **ORDER DENYING DEFENDANTS'
                                           MOTION TO DISMISS**
13
E. HEALY, C. COUNTESS, N.                  Re: Dkt. No. 98
MCDOWELL, and R. DIAZ,
14
            Defendants.
15
16
17        Defendants McDowell and Diaz move to dismiss plaintiff Raul Garcia's claims for

18   violation of his civil rights under 42 U.S.C. § 1983 for failure to state a claim under Rule

19   12(b)(6). Dkt. Nos. 86, 98. Garcia, who is presently incarcerated, seeks injunctive relief:

20   the removal of a Rules Violation Report (RVR) from his central file. Dkt. No. 86 at 7.

21   Defendants move to dismiss on the ground that the complaint fails to state a claim upon

22   which this injunctive relief can be granted. Dkt. No. 98 at 1. The Court has ruled on this

23   issue previously; therefore, the question presented is whether the Court should apply the

24   law of the case or should reconsider its previous order. Because the Court finds—and has

25   already found—that injunctive relief can be granted in this case, the motion to dismiss is

26   DENIED.

27
28

1    **I.    Background**

2          **A. Facts Alleged**

3          Garcia alleges the following facts in the second amended complaint.  Dkt. No. 86

4    ("SAC").  In deciding this motion, the Court accepts these allegations as true and construes

5    all facts in the light most favorable to Garcia.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

6    337–38 (9th Cir. 1996).

7          Garcia was a prisoner at Pelican Bay State Prison in 2014 when the following

8    events took place.  SAC ¶ 37.  Defendant Healy of the Institutional Gang Investigation

9    Unit stopped a letter addressed to Mr. Garcia from Ms. Tina Mendoza because it

10   supposedly constituted unauthorized inmate-to-parolee/probationer correspondence.  *Id.* ¶

11   7.  Mr. Garcia filed an administrative grievance because Ms. Mendoza was not a parolee or

12   probationer.  *Id.*  Mr. Healy blocked a second letter from Ms. Mendoza to Mr. Garcia, and

13   then blocked a postcard that Mr. Garcia attempted to send to Ms. Mendoza.  *Id.* ¶ 9.

14   Defendant Countess, also of the IGI Unit, interviewed Mr. Garcia about the administrative

15   grievance.  *Id.* ¶ 11.  He threatened Mr. Garcia that filing further grievances would "make

16   [his] situation worse" and told him to "stop submitting" them.  *Id.* ¶ 12.

17         Mr. Garcia nevertheless filed a second grievance addressing the postcard to Ms.

18   Mendoza that Healy had stopped.  *Id.* ¶ 13.  Days later, Healy issued an RVR claiming that

19   Mr. Garcia's postcard promoted gang activity and constituted a security threat.  *Id.* ¶ 15.

20   Healy told Mr. Garcia that he knew the postcard did not actually promote gang activity.

21   *Id.* ¶ 18.  At a hearing on the RVR, Mr. Garcia argued that he did not understand the

22   charges against him and requested that he be re-charged with adequate notice of his alleged

23   misconduct.  *Id.* ¶ 28.  His request was denied.  *Id.*

24         The RVR remains in Mr. Garcia's central file.  This file is reviewed in making

25   many determinations relating to Mr. Garcia's incarceration, including visitation rights,

26   solitary confinement placement, and parole eligibility.  Dkt. No. 100 at 3.  Mr. Garcia

27   seeks the removal of the RVR from his central file so that it no longer adversely affects

28   him.  SAC ¶ 49.

2

1     **B.  Procedural History**

2          Mr. Garcia's initial complaint, filed pro se, brought claims of violations of his civil

3     rights under 42 U.S.C. § 1983 against Healy and Countess, including a claim for injunctive

4     relief in the form of expungement of the RVR.  Dkt. No. 1.  Defendants Healy and

5     Countess moved for summary judgment.  Dkt. No. 43.  The Court denied the motion in

6     part, holding that Mr. Garcia had stated a cognizable claim for injunctive relief.  Dkt. No.

7     54.

8          Defendants Healy and Countess represented to the Court that they lack the authority

9     to expunge the RVR.  Dkt. No. 81.  Now represented by pro bono counsel, Mr. Garcia

10    amended his complaint in November 2018 to name defendants McDowell and Diaz in their

11    official capacities because they have this authority.  In granting Mr. Garcia leave to name

12    these new defendants, the Court indicated that it would not allow a second motion for

13    summary judgment if the issues in the amended complaint remained unchanged.  Dkt. No.

14    81.  The issues presented in the SAC are indeed unchanged.  Dkt. No. 86.

15         McDowell and Diaz now move to dismiss Mr. Garcia's claim for injunctive relief.

16    Dkt. No. 98.  Accompanying the motion is a 112-page attachment including five exhibits

17    of which defendants request the Court take judicial notice.  *Id.*, Att. 1.

18         All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C.

19    § 616(c)(5).  Dkt. Nos. 4, 17, 117, 118.

20    **II.     Legal Standard**

21         A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

22    sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a

23    motion to dismiss, all allegations of material fact are taken as true and construed in the

24    light most favorable to the non-movant.  *Cahill*, 80 F.3d at 337–38.  The Court, however,

25    need not accept as true "allegations that are merely conclusory, unwarranted deductions of

26    fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th

27    Cir. 2008).  Although a complaint need not allege detailed factual allegations, it must

28    contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

3

1    on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

2    plausible when it "allows the court to draw the reasonable inference that the defendant is

3    liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4    **III.    Discussion**

5    Defendants move to dismiss Mr. Garcia's claim for injunctive relief because it is

6    "too speculative and is contradicted by judicially noticeable facts." Dkt. No. 98 at 7. At

7    the hearing on this motion, the Court expressed three concerns: first, that the attached

8    request for judicial notice should cause the Court to treat the motion to dismiss as a motion

9    for summary judgment under Rule 12(d); second, that the Court had already ruled on the

10   viability of the claim for injunctive relief in its previous summary judgment order and so

11   the law of the case on this question has been declared; and finally, that if the motion were

12   to be construed as a motion for reconsideration of that previous order, the Court saw no

13   cause to reconsider. Dkt. No. 114. The Court addresses these concerns in this Order.

14   **A. Presentation of Matters Outside the Pleadings under Rule 12(d)**

15   Under Federal Rule of Civil Procedure 12(d), the court must treat a motion to

16   dismiss as a motion for summary judgment if "matters outside the pleadings are presented

17   to and not excluded by the court." Additionally, "[a]ll parties must be given a reasonable

18   opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P.

19   12(d). This is because "[a]s a general rule, a district court may not consider any material

20   beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250

21   F.3d 668, 688 (9th Cir. 2001). On a motion to dismiss, the court "may not, on the basis of

22   evidence outside of the Complaint, take judicial notice of facts favorable to defendants that

23   could reasonably be disputed." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th

24   Cir. 2011).

25   Here, defendants include over 100 pages of exhibits along with their motion to

26   dismiss. Dkt. No. 98. Mr. Garcia argues that he "can and will dispute the facts and

27   inferences" presented in the exhibits. Dkt. No. 100 at 3. Defendants argue that these

28   exhibits are judicially noticeable on a motion to dismiss because they do not "rely on the

4

1    purported truth of factual statements made within the documents, but rather the existence

2    of the documents themselves and the statements they evidence." Dkt. No. 104 at 3.

3    Defendants misrepresent their own position. The request is not solely for the Court

4    to notice the existence of the documents. In the motion to dismiss, defendants ask the

5    Court to take judicial notice of a parole board's findings and "indications" in a hearing, the

6    plaintiff's stipulations at that hearing, what was "suggest[ed] to Plaintiff" by the hearing,

7    what plaintiff's counsel "explained" at the hearing, what was "acknowledged" by persons

8    at the hearing, and even that a host of topics were *not* discussed at the hearing. Dkt. No.

9    98 at 4–5, 9–10. Defendants put forth, and ask the Court to adopt, their own

10   interpretations of these facts. *Id.* That such a request is improper on a motion to dismiss is

11   basic blackletter civil procedure. *See United States v. Corinthian Colls.*, 655 F.3d at 999.

12   That Mr. Garcia contends that he can and "will rebut the factual inferences Defendants ask

13   the Court to reach" makes the Court's judicial notice of these facts on a motion to dismiss

14   even more obviously inappropriate. Dkt. No. 100-1 at 3; *see* Fed. R. Ev. 201(b) (a court

15   may only take judicial notice of facts that are "not subject to reasonable dispute").

16   The request for judicial notice of Exhibits A through E to the motion to dismiss is

17   DENIED. Because the Court has excluded the matters presented from outside the

18   pleadings, the Court does not treat the motion to dismiss as a motion for summary

19   judgment under Rule 12(d).

20   **B. The Law of the Case**

21   "Under the 'law of the case' doctrine, 'a court is generally precluded from

22   reconsidering an issue that has already been decided by the same court.'" *United States v.*

23   *Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154

24   (9th Cir. 1993). The court has some discretion in applying this doctrine, but should only

25   reopen a previously resolved question if (1) the first decision was clearly erroneous; (2) an

26   intervening change in the law has occurred; (3) evidence on remand is substantially

27   different; (4) other changed circumstances exist; or (5) a manifest injustice would

28   otherwise result. *Thomas*, 983 F.2d at 155; *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th

Cir. 1991).

Here, the Court ruled in its previous order on summary judgment that the Eleventh Amendment "'does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity.'" Dkt. No. 54 at 22 (quoting *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 (9th Cir. 1991). The Court stated that because it found that there is "a genuine issue of material fact as to Plaintiff's retaliation claim, the Court will not dismiss Plaintiff's request for injunctive relief to expunge the RVR." At the hearing on this motion to dismiss, defendants argued that "the Court's order only had a single sentence" on this issue. Dkt. No. 114. As the Court responded at the hearing: that single sentence is enough. The order of this Court was, and remains, that the plaintiff has stated a claim for injunctive relief. Defendants have not argued that any of the factors that could call the Court to reopen this previously resolved question apply here, and the Court finds that none do.

### C. Reconsideration

Because the Court has already decided this issue, the motion to dismiss could be considered a motion for reconsideration. Under Civil Local Rule 7-9, a party must obtain leave of court before filing a motion for reconsideration of any interlocutory order. Civ. L. R. 7-9(a). Though the defendants did not do file for leave, the Court still addresses whether it should reconsider its prior order.

Leave to file a motion for reconsideration should only be granted where (1) a material difference in fact or law exists from that which was presented to the Court previously, and the party applying for reconsideration shows that it exercised reasonable diligence yet did not know such fact or law at the time of the order; (2) new material facts have emerged or relevant law has changed after the Court issued its order; or (3) the Court exhibited a "manifest failure" to consider material facts or dispositive legal arguments. Civ. L. R. 7–9(b)(1)–(3). Rule 7-9 also prohibits repetition of arguments already presented to the Court. Civ. L. R. 7-9(c). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona*

*Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

No such highly unusual circumstances exist here. Nor do defendants present any material difference in fact or law from the Court's previous order or argue that the Court manifestly failed to consider any material facts or dispositive legal arguments. The Court therefore declines to adopt this "extraordinary remedy." *Id.*

## IV.    Conclusion

The request for judicial notice is DENIED. Because the Court has already decided the issue presented in the motion to dismiss—whether Mr. Garcia has stated a claim for injunctive relief—the law of the case governs and the Court does not reconsider its prior ruling. The motion to dismiss is DENIED. Defendants must answer the complaint by **March 29, 2019.**

**IT IS SO ORDERED.**

Dated: March 15, 2019                    _____

NATHANAEL M. COUSINS
United States Magistrate Judge

7